## 2577.　SHARP v. THE STATE.

1. In a prosecution for larceny after trust, wherein it is charged that the defendant ·was entrusted with the collection of certain promissory notes, and that, having collected the same, he converted the proceeds fraudulently to his own,use, the evidence is sufficient to authorize a conviction, where it appears that the notes were entrusted to the defendant, and that both the notes and the proceeds thereof were demanded of him, and he did not turn over either in response to the demand, but orally admitted that he had collected the money and had used it in his business, and further made a written report, showing that the notes had been collected, and the fraudulent character of the misappropriation **is fairly inferable from all the evidence.**

2. The charge of the court was fair and not subject to the exceptions taken. There was no material error in the rulings upon testimony.

Indictment for larceny after trust; from Muscogee superior court—Judge Gilbert.　March 5, 1910.

Argued May 3,—Decided May 12, 1910.

*T. T. Miller, S. B. Hatcher,* for plaintiff in error.

*George C. Palmer, solicitor-general, A. W. Cozart,* contra.

POWELL, J.　The defendant was indicted for larceny after trust, the charge being to the effect that he was entrusted by the Columbus Iron Works with a large number of promissory notes, aggregating some $16,000, and that he made a fraudulent conversion of the proceeds.　The State's proof consisted in showing that the notes had been turned over to the defendant for collection, upon a written agreement disclosing the fact that he held them for the purpose of collection only and that he was under the duty of making stated written reports as to the collection of them; that demand was made upon him, both for the notes and for the proceeds of the collection of the notes; that he filed a written report showing that, of the notes, he had collected in cash $7,229.31; in scrip (a term which will hereafter be explained), $2,984; in pumps pulled (a term which will be later explained), $5,759.43; in discount, $27.64; by renewal, $88.25; leaving uncollected $33.50.　He paid over to the prosecutors $2,440.　It was further shown that he had orally admitted that the money collected had been deposited by him in bank and used in his business.　The defendant was engaged in the business of selling pumps, and the notes in question were notes which he had taken, through his employees, from customers, and which he had sold and transferred to the prosecutors, and which they delivered back to him for the purpose of collection.

The defendant's business extended over several States, and was carried on through the medium of traveling agents.   The meaning of the term "scrip," used above, is explained thus: for the purpose of paying the expenses of the men on the road, they were allowed to issue receipts which would be good in lieu of cash as payments upon the notes.   The expression "pumps pulled" was explained to mean that the defendant's employees had, instead of collecting cash on the notes, taken back pumps in lieu of the money.   As to the pumps retaken, it is relevant to explain that the defendant did not turn over these pumps to the prosecutors, but, according to admissions proved against him, resold them and did not account for the proceeds.

The point is made in this court that the corpus delicti is not sufficiently shown,—that the conviction rests solely upon the uncorroborated admission of the defendant himself, at least as to the material element of having collected the money and converted the proceeds.   It is true that no witness swore that the money had been paid over to the defendant; and yet we do not think that his admissions, both oral and written, of having collected the money are uncorroborated.   The notes were turned over to him and he had the duty of accounting for them.   If he failed to return them on demand or to account for them, he became guilty of a conversion of the notes themselves.   When this demand was made, instead of returning the notes, he reported that he had collected them, or had made settlements with the payers, in accordance with the report mentioned above.   We think the fact that he failed to produce the notes on demand, and never subsequently produced them, is very high corroboration of his statement that they had been collected. Indeed, although he made a long statement on the trial, he did not deny that they had been collected; it was practically an admission in judicio that he did collect the money to the extent of some $7,000, though he stated that the report which he turned over to the prosecutors, showing the amount and method of collection, was made up by a clerk in his office, and that he was unable to say whether it was accurate or not.   There was no direct proof of his fraudulent intent, but there was ample room in the testimony for the jury to infer it.   His statement at the trial was a long and involved effort to carry the inference that he had used all of the $16,000 represented by the notes (except the $2,440 turned over to the prose-

cutors), in collecting the notes themselves.     The very unreasonableness of his explanation, the fact that without any authority
from the prosecutors to do so he had taken back the pumps and
had resold them, without making any effort to account ·for the
proceeds, the cavalier and supercilious manner in which he treated
the demands for the notes or the money, the fact that he attempted
to discharge his duty of accounting faithfully by an array of
glittering generalities and without producing one word of specific
proof as to what he had done with the money, though he professed
to have kept a complete set of books, fully authorized the jury to
believe that he had made a fraudulent conversion of the money,
and that he had deliberately intended to injure and wrong the
prosecutors.

2.    We have examined the exceptions made to the charge and
to the rulings upon testimony, and none of them are meritorious.
The defendant seems to have been fairly tried and lawfully convicted.                                  *Judgment affirmed.*